# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN BONNER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>A. DELA CRUZ,<br><br>　　　　　Defendant. | Case No.: 1:19-cv-00102-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO PROSECUTE<br><br>[ECF No. 5] |

Plaintiff Kelvin Bonner is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action on January 24, 2019.

**I.**

**INTRODUCTION**

On January 25, 2019, the Court issued an order directing Plaintiff to either pay the $400.00 filing fee or submit an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, within forty-five days. (ECF No. 4.) Plaintiff failed to comply with the Court's order, and on March 25, 2019, the Court ordered Plaintiff to show cause within fourteen days why the action should not be dismissed. The Court warned Plaintiff that the failure to comply with the order will result in a recommendation that the action be dismissed. Local Rule 110. Plaintiff has failed to respond to the Court's March 25, 2019, order to show cause and the time to do so has expired. Therefore, this action can proceed no further

1

without Plaintiff's cooperation and compliance with the orders at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted.

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles Cnty., 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. Id. (citation omitted).

Based on Plaintiff's failure to comply with or otherwise respond to the Court's order, the Court is left with no alternative but to recommend dismiss of the action for failure to prosecute. Id. Plaintiff has had no contact with the Court in almost three months, and repeated attempts to engage him in the litigation have gone unanswered, affecting the use of the Court's resources and management of its docket. A civil action may not proceed absent the submission of either the filing fee or a completed application to proceed in forma pauperis. 28 U.S.C. §§ 1914, 1915. Accordingly, Plaintiff's failure to comply with the Court's order warrants dismissal of this action. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1226; Local Rule 110.

### III.
### CONCLUSION AND RECOMMENDATION

Accordingly, it is HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a Fresno District Judge to this action.

Further, for the reasons explained above, it is HEREBY RECOMMENDED that the instant action be dismissed, without prejudice, for failure to pay the filing fee or file a completed application to proceed in forma pauperis. This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file

2

written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 23, 2019**

UNITED STATES MAGISTRATE JUDGE